ATTORNEY GENERAL HENRY HAS RECEIVED YOUR REQUEST FOR AN OFFICIAL ATTORNEY GENERAL OPINION REGARDING THE INTERPRETATION OF THE STATUTE CONCERNING LIMITATIONS FOR CRIMINAL PROSECUTIONS. YOU SPECIFICALLY SEEK CLARIFICATION OF THE PERTINENT STATUTE OF LIMITATIONS FOR THE CRIME OF RAPE. BECAUSE THE ANSWER TO THIS QUESTION IS PREMISED UPON A CLEAR READING OF THE STATUTORY LANGUAGE EMPLOYED, IT IS UNNECESSARY TO RESPOND BY THE ISSUANCE OF A FORMAL OPINION. RULES OF STATUTORY CONSTRUCTION DICTATE THAT THE COMMON AND ORDINARY MEANING OF THE WORDS USED BE GIVEN EFFECT. SEE NICKELL V. STATE, 746 P.2D 1155, 1158 (OKL.CR.1987); SEE ALSO GLASS V. STATE, 701 P.2D 675, 768 (OKL.CR.1985). THIS WRITER NOTES THAT CRIMINAL STATUTES ARE TO BE CONSTRUED STRICTLY AGAINST THE STATE AND LIBERALLY IN FAVOR OF THE ACCUSED. BOUTWELL V. STATE, 659 P.2D 322, 3288-29 (OKL.CR.1983).
THE STATUTORY LANGUAGE SUBJECT TO SCRUTINY HEREIN STATES, IN RELEVANT PART:
 ". . . PROVIDED, HOWEVER, PROSECUTIONS FOR . . . THE CRIMES OF RAPE, SODOMY OR FORCIBLE SODOMY COMMITTED AGAINST A PERSON WHO AT THE TIME OF THE OFFENSE IS UNDER EIGHTEEN (18) YEARS OF AGE . . . SHALL BE COMMENCED WITHIN FIVE (5) YEARS AFTER THE DISCOVERY OF THE CRIME."
22 O.S. 152 (1989). A CLEAR READING OF THE LANGUAGE OF THIS PORTION OF THE STATUTE CONCERNING LIMITATION OF PROSECUTIONS RESULTS IN THE INTERPRETATION THAT THE MODIFYING PHRASE "COMMITTED AGAINST A PERSON WHO AT THE TIME OF THE OFFENSE IS UNDER EIGHTEEN (18) YEARS OF AGE" APPLIES EQUALLY TO THE ENUMERATED CRIMES OF RAPE, SODOMY AND FORCIBLE SODOMY. APPLICATION OF THIS TIME LIMITATION TO ALL RAPE CASES WOULD CONSTRUE THE STATUTE LIBERALLY IN FAVOR OF THE STATE RATHER THAN THE ACCUSED. THUS, IT IS THE OPINION OF THE UNDERSIGNED ATTORNEY THAT THE CRIME OF RAPE IS SUBJECT TO THE FIVE (5) YEAR AFTER DISCOVERY STATUTE OF LIMITATIONS ONLY WHERE THE RAPE VICTIM IS A PERSON UNDER EIGHTEEN (18) AT THE TIME OF THE RAPE. IN ALL OTHER RAPE PROSECUTIONS THE PERTINENT STATUTE OF LIMITATIONS IS THREE (3) YEARS.
(SUSAN STEWART DICKERSON)